UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

United States of America,

              Plaintiff,

vs.

2015 Land Rover Range Rover,
VIN: SALWV2TF7FA537418,

Assorted Jewelry, Value $21,440.00,

Ruger GP 100 .357 Magnum Revolver,
Serial No. 178-34034, Ammunition,
Speed Loaders and Case,

Springfield XD-9 9mm Pistol,
Serial No. XD127232, Magazine and
Ammunition,

Diamondback DB15 AR15 .223 Caliber Rifle,
Serial No. DB2506383, Magazines,
Ammunition and Case,

CZ Scorpion EVO3 S1 9mm Pistol,
Serial No. D272293, Magazines,
Ammunition and Case,

Kimber Micro 9 ESV 9mm Pistol,
Serial No. PB0254562, Magazines,
Ammunition, Case and Gun Lock,

Springfield XD-9 9mm Pistol,
Serial No. MG993887, Magazines
and Ammunition,

Civil Case No. 23-cv-11073
Honorable

Assorted Ammunition,

      Defendants *in rem*.

_____/

## COMPLAINT FOR FORFEITURE

NOW COMES Plaintiff, the United States of America, by and through Dawn N. Ison, United States Attorney for the Eastern District of Michigan, and Gjon Juncaj, Assistant United States Attorney, and states upon information and belief in support of this Complaint for Forfeiture *in rem* that:

## JURISDICTION AND VENUE

1. This is an *in rem* civil forfeiture action pursuant to 21 U.S.C. § 881(a) and 18 U.S.C. § 981(a)(1)(A).

2. The Court has original jurisdiction over this proceeding pursuant to 28 U.S.C. § 1345 as this action is being commenced by the United States of America as Plaintiff.

3. This Court has *in rem* jurisdiction and venue over this forfeiture action, pursuant to 28 U.S.C. § 1355(b)(1)(A), as the acts giving rise to the forfeiture occurred in the Eastern District of Michigan.

2

4. Venue is proper before this Court pursuant to 28 U.S.C. § 1391(b)(2), as a substantial part of the events or omissions giving rise to the Plaintiff's claims occurred in the Eastern District of Michigan.

5. Venue is also proper before this Court pursuant to 28 U.S.C. § 1395(c), as the Defendants *in rem* were brought into the Eastern District of Michigan.

## DEFENDANTS *IN REM*

6. The Defendants *in rem* in this action were seized by law enforcement officers on or about November 7, 2020, from a home at 15XXX South Oak Run Court, Lockport, Illinois ("the Lockport Home") pursuant to a federally authorized search and seizure warrant. The Defendants *in rem* were subsequently brought into and are currently located in the Eastern District of Michigan.

7. The Defendants *in rem* include the following assets seized from the Lockport Home:

    A. 2015 Land Rover Range Rover, VIN: SALWV2TF7FA537418 (the "2015 Land Rover"),

    B. Assorted Jewelry, Value $21,440.00,

    C. Ruger GP 100 .357 Magnum Revolver, Serial No. 178-34034, Ammunition, SpeedLoaders

and Case, located in the kitchen in a cabinet above the refrigerator,

D. Springfield XD-9 9mm Pistol, Serial No. XD127232, Magazine and Ammunition, located in the kitchen in a cabinet next to the refrigerator,

E. Diamondback DB15 AR15 .223 Caliber Rifle, Serial No. DB2506383, Magazines, Ammunition and Case, located on a shelf in the pantry,

F. CZ Scorpion EVO3 S1 9mm Pistol, Serial No. D272293, Magazines, Ammunition and Case, located on a shelf in the pantry,

G. Kimber Micro 9 ESV 9mm Pistol, Serial No. PB0254562, Magazines, Ammunition, Case and Gun Lock, located on a shelf in the pantry inside of a fanny pack,

H. Springfield XD-9 9mm Pistol, Serial No. MG993887, Magazines and Ammunition, located on the front seat passenger floor of the 2015 Land Rover Range Rover,

I. Assorted Ammunition, more fully described as:

  i. Two boxes of Winchester 9mm ammunition containing sixty-seven (67) 9mm cartridges that were located inside the 2015 Land Rover,

  ii. Ammunition in a canister (approximately six hundred eighty-nine (689) .223/5.56mm cartridges), seized from the pantry,

4

   iii. Ammunition in a canister (approximately one hundred eight (108) .357 magnum cartridges; fifty (50) .40 S&W cartridges; one hundred fifty (150) .380 cartridges; and five hundred eighty two (582) 9mm cartridges), seized from the pantry.

## STATUTORY BASIS FOR CIVIL FORFEITURE

8. Title 21, United States Code, Section 881, governs the civil forfeiture of property which constitutes or is derived from the proceeds of narcotics crimes, or which was used to facilitate narcotics crimes:

> The following shall be subject to forfeiture to the United States and no property right shall exist in them. . . .
>
> [a]ll conveyances, including aircraft, vehicles, or vessels, which are used, or are intended for use, to transport, or in any manner to facilitate the transportation, sale, receipt, possession, or concealment of [controlled substances].

21 U.S.C. § 881(a)(4)

> [a]ll monies, negotiable instruments, securities, or other things of value furnished or intended to be furnished by any person in exchange for a controlled substance or listed chemical in violation of this subchapter, all proceeds traceable to such an exchange, and all monies, negotiable instruments, and securities used or intended to be used to facilitate any violation of this subchapter.

21 U.S.C. § 881(a)(6)

> Any firearm (as defined in section 921 of Title 18) used or intended to be used to facilitate the transportation, sale, receipt, possession, or concealment of [controlled substances] and any proceeds traceable to such property.

21 U.S.C. § 881(a)(11)

9. Title 18, United States Code, Section 981(a)(1)(A), provides for the civil forfeiture of:

> (A) any property, real or personal, involved in a transaction or attempted transaction in violation of section 1956, 1957 or 1960 of [Title 18], or any property traceable to such property.

## FACTUAL BASIS FOR CIVIL FORFEITURE

10. The Defendants *in rem* are forfeitable to the United States of America as property which was furnished, or was intended to be furnished, in exchange for a controlled substance; as proceeds traceable to such an exchange; and/or as items which were used or were intended to be used to facilitate a violation of Title 21 of the United States Code and are, therefore, subject to seizure and civil forfeiture pursuant to 21 U.S.C. §§ 881(a)(6), and (a)(4) or (a)(11).

11. The Defendant *in rem* firearms and ammunition are additionally forfeitable as property used or intended to be used facilitate transportation, receipt, possession, or concealment of

6

controlled substances and proceeds of controlled substance violation, including the Defendant *in rem* 2015 Land Rover and Assorted Jewelry.

12. The Defendants *in rem* 2015 Land Rover and Assorted Jewelry are additional forfeitable pursuant to 18 U.S.C. § 981(a)(1)(A) as property involved in Money Laundering in violation of 18 U.S.C. §§ 1956 and/or 1957. The Defendants *in rem* Assorted Jewelry were derived from proceeds of "specified unlawful activity" as the term is defined by 18 U.S.C. § 1956(c)(7) and 18 U.S.C. § 1961(1). Specified unlawful activity from which the Defendants *in rem* were derived from include, but are not limited to, the proceeds of controlled substance violations.

13. The facts supporting the forfeiture of the Defendants *in rem* include, but are not limited to, the following.

14. Beginning in approximately July 2020, federal law enforcement agents initiated an investigation into a narcotic trafficking conspiracy involving Vicente Gonzalez. Beginning in at least 2020, Gonzalez engaged in the transportation of multiple kilograms of cocaine from the Chicago, Illinois, area to Detroit,

7

Michigan.

15. Vicente Gonzalez was arrested for his involvement in the conspiracy on November 6, 2020, and later charged in the United States District Court for the Eastern District of Michigan with drug trafficking. On or about December 14, 2022, Vicente Gonzalez pleaded guilty to knowingly and intentionally distributing more than 5 kilograms of cocaine, a violation of 21 U.S.C. §841, in the criminal case docketed at 22-cr-20402 (EDMI).

16. In the written plea agreement of the criminal case, signed by Vicente Gonzalez, Gonzalez admitted to the following true facts:

    a. On November 6, 2020, Vicente Gonzalez drove his Nissan Murano from near his home in northern Illinois to Detroit, Michigan, which is within the Eastern District of Michigan. He was transporting approximately 10 kilograms of cocaine hidden inside of a trap or secret compartment beneath the floorboards of his vehicle. He drove to a house on the west side of Detroit on Vassar Drive and met its occupant.

    b. Vicente Gonzalez gave the occupant of the home 10

8

kilograms of cocaine, and the occupant gave the Vicente Gonzalez approximately $430,000 in cash as payment for the cocaine. At the time, Vicente Gonzalez was under investigation by the Drug Enforcement Administration, and agents were watching the house on Vassar Drive when the exchange took place. After the exchange, DEA agents executed a federal search warrant on the Vassar Drive house and found the 10 kilograms of cocaine that the Vicente Gonzalez had delivered inside of it. DEA agents arrested Vicente Gonzalez as he drove away from the Vassar Drive house and found the $430,000 in a bag on the back seat of Vicente Gonzalez's Nissan Murano and inside of the trap beneath the floorboards.

17. On November 6, 2020, Vicente Gonzalez's ex-wife, Christie Gonzalez, accompanied Vicente from Illinois to the Vassar Street location to deliver cocaine. Christie Gonzalez was seated in the passenger seat of the vehicle during the drive to Vassar Street. During its transport to Detroit, cocaine was located in a secret compartment under Christie Gonzalez's passenger seat. At all relevant times to this

9

complaint, Vicente and Christie Gonzalez resided together at the Lockport Home located at 15XXX South Oak Run Court, Lockport, Illinois.

18.  When officers stopped Vicente and Christie Gonzalez on November 6, 2020, after delivering 10 kilograms of cocaine to Vassar Street, Christie Gonzalez was seated in the passenger seat of the vehicle, a white Nissan Murano. Approximately $290,000.00 in U.S. currency was located and seized by law enforcement from the secret compartment under the passenger seat. The purpose of the secret compartment was to store narcotics and/or cash during transport by Vicente and Christie Gonzalez. $185,000.00 in U.S. currency was also seized from a backpack in the vehicle, which Christie Gonzalez carried out of the Vassar Street location. In total, approximately $475,000 in U.S. currency was seized from the car occupied by Vicente and Christie Gonzalez. Vicente and Christie Gonzales were arrested following the stop.

19.  The Nissan Murano occupied by Vicente and Christie Gonzalez on November 6, 2002, was registered to Vicente Gonzalez. Vicente and Christie Gonzalez had delivered kilogram quantities of

cocaine to the Vassar Street location on more than one occasion, with each kilogram of cocaine delivered being exchanged for approximately $48,000 in cash.

20. After Vicente and Christie Gonzalez departed the Vassar Street location on November 6, 2022, the Drug Enforcement Administration (DEA) executed a search warrant at the Vassar Street location. Pursuant to the warrant, agents seized twelve (12) kilogram bricks of cocaine, nine (9) bundles of cocaine weighing approximately 300 grams, additional packaging with cocaine residue, additional materials and equipment for packaging drugs, four (4) firearms, a quantity of ammunition and weapons accessories, a money counter, and approximately $860,500.00 U.S. currency.

21. On November 7, 2020, agents executed a federal search and seizure warrant at Vicente and Christie Gonzalez's residence, the Lockport Home. Pursuant to the search, federal agents located and seized the Defendants *in rem*. Several of the Defendant *in rem* firearms and over a thousand rounds of Defendant *in rem* ammunition was seized from the kitchen area and pantry of the Lockport Home.

22. Agents seized the 2015 Land Rover from the garage of the

11

Lockport Home. The 2015 Land Rover is registered to Vicente Gonzalez. Additionally, the Defendant *in rem* Springfield Armory XD-9 9mm pistol found inside the 2015 Land Rover was purchased by Vicente Gonzales on March 26, 2011. A drug canine utilized during the search indicated to the presence of drug odor emanating from the 2015 Land Rover.

23. DEA agents also seized the following from the Lockport Home:

    a. Over $180,000 total in cash located from various locations in the home;

    b. a digital scale, found and seized on the kitchen counter; and

    c. a vacuum sealer and two boxes of bags found in a kitchen cabinet above the refrigerator next to defendant *in rem* Ruger .357 magnum revolver.

24. Based on the findings of the investigation, including but not limited to the search warrants seizures and facts noted here, the Defendants *in rem* constitute property derived from controlled substance violations and/or property involved in money laundering.

## **CLAIM**

25. The United States hereby incorporates by reference, repeats and re-alleges each and every allegation set forth in Paragraphs 1 through 24 above, including their subparts.

26. The Defendants *in rem* are forfeitable to the United States of America pursuant to 21 U.S.C. § 881(a)(6) because it is property which was furnished or was intended to be furnished in exchange for a controlled substance, and/or because it constitutes proceeds traceable to such an exchange, and/or because it represents monies used or intended to be used to facilitate a violation of Title 21 of the United States Code.

27. The Defendant *in rem* firearms and ammunition are additionally forfeitable as property used or intended to be used facilitate transportation, receipt, possession, or concealment of controlled substances and proceeds of controlled substance violation, including the Defendant *in rem* Assorted Jewelry and 2015 Land Rover, and are therefore subject to forfeiture pursuant to 21 U.S.C. § 881(a)(11). The Defendant *in rem* 2015 Land Rover is additionally forfeitable pursuant to 21 U.S.C. § 881(a)(5) as a vehicle used, or

intended for use, to transport, or in any manner to facilitate the transportation, sale, receipt, possession, or concealment of controlled substances.

28. The Defendants *in rem* Assorted Jewelry and 2015 Land Rover are additional forfeitable pursuant to 18 U.S.C. § 981(a)(1)(A) as property involved in Money Laundering in violation of 18 U.S.C. §§ 1956 and/or 1957.

//

//

//

//

//

//

//

//

//

## **RELIEF**

Plaintiff, the United States of America, respectfully requests that a Warrant of Arrest for the Defendants *in rem* be issued; that notice be given to all interested parties to appear and show cause why the forfeiture should not be decreed; that judgment be entered declaring that the Defendants *in rem* be condemned and forfeited to the United States of America for disposition according to law; and that the United States of America be granted such other further relief as this Court may deem just and proper, together with the costs and disbursements of this action.

        Respectfully submitted,

        DAWN N. ISON
        United States Attorney

        s/Gjon Juncaj
        GJON JUNCAJ (P63256)
        U.S. Attorney's Office
        211 W. Fort Street, Ste. 2001
        Detroit, MI 48226
        (313) 226-0209

Dated: May 5, 2023        gjon.juncaj@usdoj.gov

## **VERIFICATION**

I, Chad Allan, state that I am a Task Force Officer with the Drug Enforcement Administration. I have read the foregoing Complaint for Forfeiture and declare under penalty of perjury that the facts contained therein are true and correct based upon knowledge possessed by me and/or upon information received from other law enforcement officers.

_____
Chad Allan, Task Force Officer
Drug Enforcement Administration

Dated: May 5, 2023